CONFORMED COPY

FILED
2009 JUL 23 PM 2:14
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY ___

1  KENNETH G. PARKER (SBN 182911)
     kparker@tlpfirm.com
2  ROBERT G. LOEWY (SBN 179868)
     rloewy@tlpfirm.com
3  TEUTON, LOEWY & PARKER LLP
   3121 Michelson Drive, Suite 250
4  Irvine, California 92612
   Telephone: (949) 442-7100
5  Facsimile: (949) 442-7105

6  DAVID T. MCDOWELL*
7    david.mcdowell@emhllp.com
   RUBEN J. OLVERA*
8    ruben.olvera@emhllp.com
   EDISON, MCDOWELL &
9  HETHERINGTON LLP
   3200 Southwest Freeway, Suite 2920
10 Houston, Texas 77027
   Telephone: (713) 337-5580
11 Facsimile: (713) 337-8850
12 * *pro hac vice* motion to be filed

13 Attorneys for
   PHL VARIABLE INSURANCE CO.
14

15                 UNITED STATES DISTRICT COURT
16         CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PHL VARIABLE INSURANCE CO., | Case No. CV09-4652 PA (PJWX) |
| Plaintiff, | **PLAINTIFF PHL VARIABLE INSURANCE COMPANY'S FIRST AMENDED COMPLAINT** |
| v. | |
| ALBERTO RUBIO FAMILY INSURANCE TRUST, by and through its trustee, MARCIA L. CAMPBELL, | Action Filed: June 26, 2009<br>Trial Date: None |
| Defendant. | |

FIRST AMENDED COMPLAINT

PHL Variable Insurance Company, by and through its attorneys, files this First Amended Complaint against the Alberto Rubio Family Insurance, by and through its Trustee, Marcia L. Campbell as follows:

## I.

## PARTIES

1. Plaintiff PHL Variable Insurance Company ("Phoenix") is a Connecticut insurance company authorized to transact the business of insurance in California. Phoenix is a citizen of Connecticut within the meaning and intent of 28 U.S.C. § 1332.

2. Defendant, the Alberto Rubio Family Insurance ("Trust"), is a trust organized under the laws of California and is a citizen of California within the meaning and intent of 28 U.S.C. § 1332. The Trust may be served through its Trustee, Marcia L. Campbell ("Trustee"), at her principal office, 3600 Lime Street, Suite 711, Riverside, California 92501.

## II.

## JURISDICTION AND VENUE

3. This Court has jurisdiction in this lawsuit under 28 U.S.C. §1332(a)(1) because Phoenix and Defendant are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of attorneys' fees, interest and costs.

4. This Court has jurisdiction for the declaratory judgment action pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201 and 2202, which grant the United States District Courts jurisdiction to declare the "rights and other legal relations of any interested party making such declaration, whether or not further relief is or could be sought."

1

**FIRST AMENDED COMPLAINT**

5.  Venue is proper for this action pursuant to 28 U.S.C. §1391, since the Trust is a citizen of California, its Trustee is located in Riverside County, and the insurance policy at issue is governed by California law.

## III.

## FACTUAL BACKGROUND

6.  Phoenix is, and during all relevant times has been, in the business of underwriting and issuing policies of life insurance and is authorized to transact the business of insurance in the State of California.

7.  The Trust, by and through its Trustee, applied in writing to Phoenix seeking the issuance of an insurance policy, insuring the life of Alberto Rubio (the "Application").

8.  In completing this Application, Rubio and the Trust provided Phoenix with material information regarding, among other things, Rubio's net worth and annual income. Specifically, the Trust responded to clear, direct questions seeking material information regarding Rubio's net worth and annual income. In response to these questions, the Application represented that Rubio had a net worth of $16,000,000 and an annual unearned income of $350,000. As discussed more fully in the ensuing paragraphs, these representations were false and were each material to Phoenix's acceptance of the risk assumed.

9.  In completing the Application, Rubio and the Trust stated that the life insurance was being sought for "Estate Planning." It was further represented that the Policy was needed as part of Rubio's "estate plan." Further, Phoenix was told that "[t]his insurance, which will be owned by and payable to an irrevocable life insurance trust, is the amount [the Rubios] would like to leave their children, based on the above estate growth assumptions. We are using a California trust because his daughter, . . . who will act as the trustee, resides in California."

Rubio and the Trust also denied an intent to transfer the Policy or any legal or equitable interest in the Policy. Said statements were false.

10. Instead, the intent of both Rubio and the Trust was to immediately sell rights to the Policy, by way of the Trust, to XLI Holdings, LLC ("XLI") which had no legally recognizable insurable interest in Rubio's life. To that end, the beneficial interest in the Trust was sold and/or transferred to XLI for $344,700 no later than ***one day*** after the Policy was delivered by Phoenix to the Trust.

11. Rubio and the Trust also denied that first-year Policy premiums would be financed. Instead, he and the Trust represented that the source of premium funding would be from Rubio's current income, marketable securities and cash and equivalents. These statements were false.

12. In completing the Application, Rubio and the Trust knew that each was required to provide complete, accurate and honest answers to the questions presented on the Application. Rubio and the Trust also knew that Phoenix would rely upon the answers recorded on the Application in determining whether Rubio was insurable and qualified for the insurance sought through the Application.

13. Further, the Application contained the following affirmation: I have reviewed this application, and the statements made herein are those of the proposed insured and all such statements made by the proposed insured in Part I or and in Part II of this application are full, complete, and true to the best knowledge and belief of the undersigned and have been correctly recorded.

Rubio and the Trust, through its trustee at that time, executed the Application on June 18, 2007.

14. On the basis of the statements and representations on the Application and in reliance upon the Rubio and the Trust's complete candor, honesty and openness in disclosing information in response to the questions presented on the Application, Phoenix issued life insurance policy number 97522553 (the

3

**FIRST AMENDED COMPLAINT**

1  "Policy") to the Trust, with an effective date of June 27, 2007. The Policy's
2  death benefit is $10,000,000.

3      15.    After Phoenix learned that XLI bought the Trust's beneficial interest,
4  Phoenix initiated an investigation into the veracity of the representations in the
5  Application. Phoenix requested documents from Rubio, the Trustee, and the
6  insurance agent who sold the Policy in order to substantiate the financial
7  representations as true and correct. However, no such documents were received.
8  In addition, Phoenix's own independent investigation did not reveal any basis on
9  which a person could reasonably conclude that Rubio had a net worth
10 $16,000,000 and an annual unearned income of $350,000 on the date of the
11 Application. Phoenix asserts that the statements made during the application
12 process with respect to Rubio's net worth, annual income, source of funding and
13 purpose for the life insurance were each materially incorrect and/or fraudulent.

14     16.    Had Rubio and the Trust provided accurate responses on the
15 Application regarding these items, Phoenix would not have issued the Policy or
16 would have done so on materially different terms. As a result of the Policy's
17 issuance, Phoenix has suffered damages, including but not limited to
18 commissions Phoenix paid to its sales representatives that it would not have paid,
19 but for the sale.

20     17.    Phoenix brings this action seeking rescission of the Policy and an
21 order declaring the Policy void *ab initio*.

## IV.

## COUNT I: DECLARATORY JUDGMENT:
## RESCISSION DUE TO MATERIAL MISREPRESENTATIONS

25     18.    Phoenix incorporates herein by reference each of its allegations
26 contained in Paragraphs 1–17 above.

4

**FIRST AMENDED COMPLAINT**

19. Pursuant to the federal Declaratory Judgment Statute, 28 U.S.C. § 2201, Phoenix seeks a declaratory judgment that the Policy is null, void and rescinded *ab initio* due to the fraudulent and/or material misrepresentations and omissions that Rubio and the Trust made on the Application, and that as a result of said rescission, Phoenix may deposit with the Clerk of the Court all premiums paid on the Policy along with required interest, if any. Phoenix also seeks its fees pursuant to the Declaratory Judgment Statute.

20. To the extent required by law, Phoenix fully tenders the Policy's premiums to the Court's registry.

V.

## COUNT II: DECLARATORY JUDGMENT: RESCISSION – LACK OF INSURABLE INTEREST

21. Phoenix incorporates herein by reference each of its allegations contained in Paragraphs 1–20 above.

22. Pursuant to the federal Declaratory Judgment Statute, 28 U.S.C. § 2201, Phoenix seeks a declaratory judgment that the Policy is null, void and rescinded *ab initio* due to the lack of insurable interest. Rubio and the Trust made statements, declarations and representations that were untrue relative to the insurable interest in the Rubio's life. The Policy's purchase was done to benefit XLI, a third party that lacked the requisite insurable interest in Rubio's life at the time of issuance. The Policy's issuance violates the letter and spirit of state law on insurable interest and is inconsistent with the public policy of prohibiting the wagering on the lives of others. The application for and purported ownership of the Policy by the Trust is merely a sham transaction intended to circumvent and violate applicable insurable interest laws and public policy. The Policy is, therefore, void *ab initio* and is of no force and effect from its inception.

23. Phoenix seeks a declaratory judgment that the Policy is null, void and rescinded *ab initio* due to the lack of insurable interest and that as a result of said rescission, Phoenix may deposit with the Clerk of the Court all premiums paid on the Policy along with required interest, if any. Phoenix also seeks its fees pursuant to the Declaratory Judgment Statute.

24. To the extent necessary, Phoenix fully tenders the Policy's premiums to the Court's registry.

## VI.

## RELIEF REQUESTED

WHEREFORE, due to the above-referenced fraudulent and/or material misrepresentations, Phoenix demands judgment against Defendant as follows:

(a) an order declaring and adjudging the Policy of life insurance bearing Policy Number 97522553 to be null and void and rescinded, *ab initio*;

(b) an order that Phoenix deposit with the Clerk of the Court all premiums paid on the Policy along with required interest, if any;

(c) an order that the Clerk of the Court pay to Phoenix from the premiums deposited an amount equal to: 1) the commissions paid by Phoenix to the agents or sale representatives arising out of or relating to the sale of the Policy; and 2) any damages incurred by Phoenix as a result of the Policy's issuance and subsequent investigation, including attorneys' fees and expenses;

(d) an order awarding cost of suit and reasonable attorneys' fees pursuant to the Federal Declaratory Judgment Statute; and

///
///
///

| | | |
|---|---|---|
| 1 | (e) | an order awarding such other relief as the Court deems equitable and just to Phoenix. |

Dated: July 20, 2009

TEUTON, LOEWY & PARKER LLP
ROBERT G. LOEWY
KENNETH G. PARKER

By: _____
Kenneth G. Parker
Attorneys for Plaintiff
PHL VARIABLE INSURANCE CO.

OF COUNSEL:

EDISON, MCDOWELL & HETHERINGTON LLP
David T. McDowell, Texas Bar No. 00791222
Ruben J. Olvera, Texas Bar No. 24051138
Phoenix Tower
3200 Southwest Freeway, Suite 2920
Houston, Texas 77027
(713) 337-5580 (Telephone)
(713) 337-8850 (Facsimile)
E-mail: david.mcdowell@emhllp.com
E-mail: ruben.olvera@emhllp.com

**FIRST AMENDED COMPLAINT**